UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RESENDIZ,<br><br>   Plaintiff,<br><br>v.<br><br>ROBERT E. WEISS, INC., *et al.*,<br><br>   Defendants. | Civil No. 11cv28 L(BGS)<br><br>**ORDER GRANTING MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [doc. #6]** |

This action was filed in the Superior Court for the State of California, County of San Diego, on December 8, 2010. Defendants MERS and Aurora Loan Services, LLC removed the action on January 6, 2011, and nominal defendant Robert E. Weiss, Inc., the foreclosure trustee, consented to the removal of the action.[1] Defendants did not file a responsive pleading to the complaint either prior to or after removal of the action. Nor did defendants file an extension of time to respond to the pleading. Plaintiff sought entry of default against defendants MERS,

---

[1] Robert E. Weiss, Inc. (REW) filed a Declaration of Non-Monetary Status under California Civil Code § 29241. Defendants contend REW is not required to participate in the litigation and can be affected only by judgments associated with disposition of the real property and not by any monetary award under California law. Under section 2924l (c) and (d), parties have fifteen days to object to such a declaration and if there is no objection within that period, a trustee is not required to participate in the litigation except for certain discovery requests and is bound by any order relating to the deed of trust. Plaintiff has not filed objections to REW's declaration.

1 Aurora Loan Services, LLC and Robert E. Weiss, Inc., which was entered on March 9, 2011.

2 Defendants argue the Clerk's entry of default should be set aside. "For good cause shown
3 the court may set aside an entry of default . . .." FED. R. CIV. P. 55(c). "[D]efault judgments are
4 generally disfavored, and whenever it is reasonably possible, cases should be decided on upon
5 their merits." *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991) (internal quotation marks and
6 citation omitted). "[A] district court's discretion is especially broad when, as in this case, it is
7 entry of default that is being set aside, rather than a default judgment." *Brady v. United States*,
8 211 F.3d 499, 504 (9th Cir. 2000) (internal quotation marks omitted).

9 The court analyzes the factors governing the lifting of entries of default under Rule 55(c).
10 *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). "Those factors
11 are: whether the defendant's culpable conduct led to the default; whether the defendant has a
12 meritorious defense; and whether reopening the default . . . would prejudice the plaintiff." *Id*.
13 The moving party "bears the burden of demonstrating that these factors favor" setting aside the
14 default. *Id*.

15 **A.   Culpability**

16 When a defendant fails to file responsive pleadings and "offers a credible, good faith
17 explanation negating any intention to interfere with judicial decisionmaking, or otherwise
18 manipulate the legal process" the failure to appear is not necessarily culpable. *TCI Group Life*
19 *Ins. Plan*, 244 F.3d at 697-98. In this case, counsel states that he inadvertently failed to calendar
20 his clients' Rule 12(b)(6) motion. Plaintiff does not challenge this statement but argues that
21 defendants' failure to respond to his complaint prevented plaintiff from filing a motion to
22 "consolidate the unlawful detainer action into the underlying civil state action." (Opp. at 5.) But
23 as noted in their reply memorandum, none of the defendants in the present federal court
24 litigation are parties in the state court unlawful detainer action. Defendants therefore cannot use
25 the default to gain an advantage as plaintiff suggests.

26 **B.   Defense**

27 A defendant seeking to vacate a default judgment must present specific facts that would
28 constitute a defense, however, the burden is not extraordinarily heavy. *TCI Group Life Ins. Plan*,

1  244 F.3d at 700 (citations omitted). All that is required is a "potentially meritorious defense." *Id*.
2  at 699. At this stage, the court merely looks at factual allegations, and does not make findings
3  whether they are true. *Id*. at 700. Defendants point to a potentially meritorious defenses: the
4  declaratory relief plaintiff seeks has been mooted by the fact that the foreclosure has been
5  accomplished and the operative Deed of Trust has been extinguished.

6  Plaintiff does not address defendants' defense but instead contend that there are
7  irregularities with respect to the substitution of trustee and the assignments to the deed of trust
8  that call into question the veracity of these documents. This argument does not support a finding
9  that defendants do not have facts that constitute a defense to plaintiff's claims.

10  **C.    Prejudice**

11  The final factor to consider is whether setting aside the default would prejudice plaintiff.
12  Plaintiff argues he will be prejudiced because he will not have an opportunity to consolidate the
13  unlawful detainer action into the primary civil action, *i.e.* plaintiff does not have enough time to
14  properly defend himself against defendants' attempt to evict him from his home.

15  "To be prejudicial, the setting aside of a judgment must result in greater harm than
16  simply delaying the resolution of the case. Rather, the standard is whether [the plaintiff's] ability
17  to pursue his claim will be hindered." *TCI Group Life Ins. Plan*, 244 F.3d at 701 (internal
18  quotation marks and citation omitted). "[M]erely being forced to litigate on the merits cannot be
19  considered prejudicial for purposes lifting a default judgment," since a "default judgment gives
20  the plaintiff something of a windfall by sparing [it] from litigating the merits of [its] claim
21  because of [its] opponent's failure to respond; vacating the default judgment merely restores the
22  parties to an even footing in the litigation." *Id*. (internal citation omitted).

23  Plaintiff's claimed prejudice is that he was prevented from filing a consolidation of cases
24  in the state court and he was presented from filing a motion to remand. But plaintiff does not
25  contend his ability to pursue the claims will be hindered if the entry of default is set aside, or that
26  his position will be any different than it was at the outset of the case. Further, the validity of a
27  motion to remand is in no manner dependent upon the filing of a motion to dismiss. Either there
28  is a basis for remand or there is not. Accordingly, plaintiff's claim of prejudice is insufficient

under Rule 55(c).

Based on the foregoing, **IT IS ORDERED** defendants' motion to set aside default is **GRANTED**. Defendants shall answer or otherwise respond to the complaint within ten days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: October 3, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL